IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas William Browning, ) | C/A No. 0:11-3507-RMG-PJG |
| Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Mildred Rivera, ) | |
| Respondent. ) | |

The Petitioner, Thomas William Browning, a self-represented federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening. Having reviewed the Petition and applicable law, the court finds that the Petition must be summarily dismissed.

## BACKGROUND

Petitioner, who is currently incarcerated in FCI Estill in Estill, South Carolina, paid the $5 habeas filing fee and filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on December 27, 2011. (ECF No. 1.) Petitioner seeks to challenge his conviction for conspiracy to distribute methamphetamine, cocaine, and marijuana, and his sentence of 360 months' imprisonment followed by 5 years of supervised release imposed in the United States District Court for the Southern District of West Virginia on July 7, 1999, in United States v. Browning, C/A No. 2:98-cr-00134 (S.D.W.Va.). (See ECF No. 1 at 2-3.) Petitioner appears to allege that he filed a direct appeal, in "civil no. 2:00-5609," in "U.S. District Court Southern District of W. Virginia at Charleston," on February 24, 2003, which was dismissed. Petitioner alleges that he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in case no. "2:00-0569" in the sentencing court on

July 6, 2000, which was dismissed on May 13, 2003. (See ECF No. 1 at 4.) Petitioner alleges that he asserted four grounds in his § 2255 motion: (1) denial of 6th Amendment right to effective assistance of counsel; (2) his conviction and sentence "is the result of a manifest injustice, and constitutional right to due process"; (3) sentence is "in violation of the constitutional right to due process of law under the Fourteenth Amendment"; and (4) "movant's indictment fails to state a material element of the offense." (Id.) Petitioner alleges three grounds in the instant Petition: (1) "indictment fails to charge a conspiracy violation"; (2) "indictment insufficient under 7(c)(1) because the indictment fails to list the elements of the offense and does not describe the factual background of the conspiracy and alleged actions taken to further the conspiracy"; and (3) "lack of subject matter jurisdiction." (See ECF No. 1 at 8-9.) Petitioner seeks "immediate release and expungement of charge from all court records and expungement from federal and state law enforcement records." (See ECF No. 1 at 9.)

The Administrative Office of the United States Courts' Public Access to Court Electronic Records Center ("PACER") indicates that Petitioner did not file a direct appeal of his conviction and sentence, but filed a § 2255 motion on July 5, 2000 in Browning v. United States, C/A No. 2:00-cv-569 (S.D.W.Va.), ECF Nos. 41, 45.[1] Petitioner was granted an extension of time to file an amended § 2255 motion, and filed his amended § 2255 motion on April 25, 2001 (C/A No. 2:00-569, ECF No. 64). A Report and Recommendation recommending that the motion be denied was filed on January 7, 2002 (C/A No. 2:00-569, ECF No. 69). Petitioner filed a motion for reconsideration, a motion for an extension of

---

[1] The court takes judicial notice of Petitioner's prior district and circuit court proceedings. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

time in which to file objections, and objections to the report and recommendation (C/A No. 2:00-569, ECF Nos. 71, 72, 75). An order adopting the magistrate judge's report and recommendation and denying Petitioner's § 2255 motion was filed on February 24, 2003 (C/A No. 2:00-569, ECF No. 76). Petitioner appealed the denial of his § 2255 motion on April 25, 2003 (C/A No. 2:00-569, ECF No. 78). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal on November 19, 2003 (C/A No. 2:00-569, ECF No. 86) in Unpublished Opinion No. 03-6713. Petitioner's petition for rehearing and rehearing *en banc* was denied on January 30, 2004. (C/A No. 2:00-569, ECF No. 88.) Petitioner filed a motion in the sentencing court pursuant to Federal Rule of Civil Procedure 60(b) for recall of judgment and order denying his § 2255 motion on September 8, 2005. (C/A No. 2:00-569, ECF No. 94.) The motion was denied on May 12, 2010. (C/A No. 2:00-569, ECF No. 95.)

Petitioner also filed a lawsuit in the United States District Court for the Southern District of West Virginia on June 20, 2000 pursuant to 42 U.S.C. § 1983 seeking damages for the alleged use of excessive force in his arrest against the Kanawha County Sheriff's Department and individual law enforcement officers. The case was tried on May 22, 23, and 27, 2003, and judgment was entered against Petitioner on May 27, 2003. (Browning v. Kanawha Cnty Sheriff's Dep't, C/A No. 2:00-cv-619 (S.D.W.Va.), ECF No. 137.) Petitioner appealed and the Fourth Circuit affirmed the district court's judgment on December 22, 2003. (C/A No. 2:00-619, ECF No. 158.)

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of

1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

**DISCUSSION**

Title 28 U.S.C. § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is generally not available where the underlying validity of the conviction and sentence is being challenged. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits); see also United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between

attacks on the "execution of the sentence rather than the sentence itself"). However, when a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, § 2241 may be used to attack a federal conviction and sentence. 28 U.S.C. § 2255(e). To trigger the "savings clause" of § 2255(e) and proceed under § 2241, Petitioner must meet the specific requirements set forth in In re Jones, 226 F.3d 328 (4th Cir. 2000). In Jones, the Fourth Circuit held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333-34.

  Here, Petitioner makes no allegations that, subsequent to his first § 2255 motion, the substantive law changed such that the conduct of which he was convicted, *i.e.* conspiracy to distribute methamphetamine, cocaine, and marijuana, was deemed not to be criminal due to a new rule that is not a rule of constitutional law. Petitioner's allegations do not satisfy the second element of the Jones test. Petitioner alleges that the indictment in his criminal case was deficient. However, while Petitioner may equate such allegations with a claim of "actual innocence," even liberally construed, Petitioner's asserted grounds for habeas relief fail to show that § 2255 is inadequate or ineffective to test the legality of his detention. It is well-settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. See Jones, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely

because an individual is unable to obtain relief under that provision."); In Re Vial, 115 F.3d at 1194 n.5. Because he cannot satisfy the In re Jones test or show any other exceptional reason for resort to § 2241 to raise an alleged sentencing-error issue, in this case Petitioner cannot sustain his burden of showing that the § 2255 remedy is ineffective or inadequate. Petitioner's claims should be raised via § 2255, if at all,[2] and because he has already filed one unsuccessful § 2255 motion, Petitioner will be required to seek leave from the Fourth Circuit before filing a successive § 2255 petition in the sentencing court. See 28 U.S.C. § 2255(h).

## RECOMMENDATION

Accordingly, the court recommends that the instant Petition filed pursuant to 28 U.S.C. § 2241 be dismissed with prejudice and without issuance and service of process. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 14, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[2] Section 2255(f) imposes a one-year period of limitations on § 2255 motions.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).