IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Thomas William Browning, )  Civil Action No.: 0:11-3507-RMG
 )
        Petitioner, )
 )
v. )
 )  **ORDER**
Mildred Rivera, )
 )
        Respondent. )
_____)

In this case, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC. On February 14, 2012, the Magistrate issued a Report and Recommendation finding that the petition for writ of habeas corpus was plainly without merit and recommending that the petition be dismissed with prejudice and without issuance and service of process. (Dkt. No. 6). On March 5, 2012, Petitioner filed objections to the Magistrate's Report and Recommendation. (Dkt. No. 11). As explained herein, the Court agrees with the findings and recommendation of the Magistrate and dismisses Petitioner's petition with prejudice and without issuance and service of process.

**Law/Analysis**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings

1

or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Petitioner, who is currently incarcerated in Estill, South Carolina, was convicted and sentenced for conspiracy to distribute methamphetamines, cocaine, and marijuana by the United States District Court for the Southern District of West Virginia in 1999. (Dkt. No. 1 at 2-3). Petitioner previously filed a motion challenging his conviction pursuant to 28 U.S.C. § 2255 with the Southern District of West Virginia, but his motion was denied by written order filed on February 24, 2003. *See Browning v. United States*, C/A No. 2:00-cv-569 (Dkt. No. 76) (S.D. W.Va. 2003). The Fourth Circuit subsequently denied a certificate of appealability and dismissed Petitioner's appeal on November 19, 2003, in an unpublished opinion. (*Id.* at Dkt. No. 86).

Having been unable to successfully challenge his conviction pursuant to 28 U.S.C. § 2255, Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). In his petition, Petitioner challenges his conviction based on alleged deficiencies in the indictment which charged him with conspiracy to distribute methamphetamines, cocaine, and marijuana. Specifically, Petitioner alleges 1) that the indictment fails to charge a conspiracy violation because the indictment does not list the essential elements of the offense; 2) that the indictment is insufficient under Criminal Rule of Civil Procedure 7(c)(1) because the indictment fails to list the elements of the offense and does not describe the factual background of the

conspiracy and alleged actions taken in furtherance of the conspiracy; and 3) that the court did not have subject matter jurisdiction to charge and sentence Petitioner because the indictment is facially invalid. (*Id.* at 8-9).

As explained by the Magistrate, "courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (internal citations omitted). While 28 U.S.C. § 2255 has a savings clause which permits a prisoner to attack a federal conviction pursuant to § 2241 where a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, *see* 28 U.S.C. § 2255(e), a prisoner must meet the specific requirements set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), to pursue a § 2241 petition pursuant to this savings clause. In *In re Jones*, the Fourth Circuit held that a petitioner must show "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333-34.

Here, Petitioner has not alleged that the substantive law changed such that the conduct for which he was convicted is no longer criminal. Rather, Petitioner argues in his objections to the Report and Recommendation that a § 2255 motion is no longer appropriate because Petitioner is now time barred from bringing such a motion. (Dkt. No. 11 at 3). The fact that a § 2255 motion

is time barred, however, does not render a § 2255 motion "inadequate or ineffective" for purposes of the savings clause of § 2255(e). *See In re Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (holding that the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing a § 2255 motion). Thus, Petitioner is not allowed to attack his conviction pursuant to 28 U.S.C. § 2241, and Petitioner's petition must be dismissed. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (holding that district courts are charged with the duty of independently screening habeas corpus petitions and dismissing those actions that plainly lack merit).

## Conclusion

For the foregoing reasons, Petitioner's petition for writ of habeas corpus is dismissed with prejudice and without issuance and service of process.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel

United States District Court Judge

March 8, 2012

Charleston, South Carolina